**EAGLE BREWING CO., Inc., v. WYNNE, Supervisor of Permits, et al.**

**No. 5035.**

Circuit Court of Appeals, Third Circuit.

Dec. 29, 1932.

Michael Serody, of Philadelphia, Pa., for appellant.

Edward W. Wells, U. S. Atty., Edward C. Dougherty and Blair M. Ilderton, all of Philadelphia, Pa., for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

This is an appeal from a decree of the District Court affirming an order of the Supervisor of Permits refusing the appellant a brewery permit for the year 1932. After a careful examination of the record, we would be content to affirm the decree of the court below without comment, were it not for the construction which the attorney for the appellant has placed, in his briefs and at the oral argument, upon the learned judge's language concerning suspicion on the part of the Supervisor of Permits of unlawful conduct of the permittee. The record and the District Judge's opinion clearly show that there were salient facts in evidence not only affording ground for suspicion, but for conviction that the law was being violated.

There was evidence of the discovery of a truck loaded with beer of unlawful content a quarter of a mile from the brewery going away from it. While that in itself would not be sufficient as a basis for more than suspicion that the truck came from the permittee's brewery, there was also evidence that this same truck had been seen in and about the brewery premises of the permittee. Upon proceeding at once to the premises, the agents found the door locked and could not obtain admission for over ten minutes, and then only by prying open the door leading from the office to the racking room. When they arrived, the machinery in the racking room was running, but, upon the agents being seen by some one from the inside, the machinery was stopped, hoses were turned on, and, when they finally obtained entrance, the floors had been washed up and the men were engaged in washing out barrels. Some of the men ran away. There was evidence of "spotters" being around the premises, and the officer of the company in charge of the business exhibited knowledge that these men were "spotters."

We find therefore that there was more than suspicion to justify the Supervisor of Permits and the District Judge in their conclusions that the permit, for which application had been made, should be refused.

The judgment is affirmed.